**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**OXFORD DIVISION**

**JAVARIUS DEVILLE TAYLOR**                                        **PLAINTIFF**

**v.**                                                 **No. 3:25-cv-00124-MPM-RP**

**CITY OF BATESVILLE, MISSISSIPPI, et al.**                            **DEFENDANTS**

**ORDER**

    This cause comes before the Court on Defendant Panola County Sheriff's Department's Motion for Judgment on the Pleadings under Rule 12(c) [13]. Plaintiff Javarius Deville Taylor did not file a response. The Court has reviewed the motion and the supporting memorandum and is prepared to rule.

    **I.**     **FACTUAL BACKGROUND**

    Mr. Taylor brings claims pursuant to 42 U.S.C. § 1983 and the Fourteenth Amendment against the City of Batesville, Batesville Police Department, several Batesville Police officers, and the Panola County Sheriff's Department (collectively, the "Defendants"). The complaint alleges a pattern of racial discrimination and use of excessive force spanning approximately twelve years. According to Mr. Taylor, the Defendants repeatedly subjected him to pretextual traffic stops, unlawful searches, false arrests, and physical violence.

    The complaint centers on an incident that allegedly occurred on October 12, 2024. Mr. Taylor claims that multiple Batesville Police officers used a taser against him, falsely imprisoned him, and denied him medical care. [1] at 1. Following that incident, the complaint alleges that Batesville Police officers handcuffed Mr. Taylor and "placed him in the back of a Panola County Sheriff's SUV for transport to the county jail." *Id.* at 4.

Aside from the transport allegation, the pleading contains no factual assertions regarding conduct by, or arrests involving, the Panola County Sheriff's Department or its deputies. The complaint does not allege that any Panola County sheriff's deputy arrested Mr. Taylor, used force against him or participated in the events giving rise to the alleged constitutional violations. Based on the absence of factual allegations involving its personnel, Panola County Sheriff's Department seeks dismissal of Mr. Taylor's claims for (1) failure to train and supervise, (2) equal protection, (3) municipal liability under *Monell*, (4) and negligent infliction of emotional distress. The Panola County Sheriff's Department argues that the complaint against it should be dismissed because there are no allegations that any sheriff's deputies used any force against or ever arrested Mr. Taylor, and that placing someone in a patrol vehicle after the arrest does not amount to an "arrest" withing the meaning of the Fourth Amendment. This Court agrees that the claims against the Panola County Sheriff's Department are due to be dismissed.

## II.    STANDARD OF LAW

Rule 12(c) of the Federal Rules of Civil Procedure provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." The standard for evaluating Rule 12(c) motions for judgment on the pleadings is identical to that of Rule 12(b)(6) motions to dismiss for failure to state a claim. *Waller v. Hanlon*, 922 F.3d 590, 599 (5th Cir. 2019).

When reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court must liberally construe the complaint in a light most favorable to the plaintiff and accept all well-pleaded facts as true. *Woodard v. Andrus*, 419 F.3d 348, 351 (5th Cir. 2005). To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 697 (2009). A claim is facially plausible

"when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Accordingly, "[a] Rule 12(c) motion may dispose of a case when there are no disputed material facts and the court can render a judgment on the merits based on the substance of the pleadings and any judicially noted facts." *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 734 (5th Cir. 2019).

**III.     DISCUSSION**

The threshold issue is whether the Panola County Sheriff's Department possesses the legal capacity to be sued. The capacity of an entity to sue or be sued "shall be determined by the law of the state in which the district court is held." Fed. R. Civ. P. 17(b); *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991). The Mississippi Code authorizes suit against "[e]very municipality of this state." Miss. Code Ann. § 21-17-1(1). The Mississippi Supreme Court has held that it does not authorize suit against a municipality's police department. *E.g., Brown v. Thompson*, 927 So.2d 733, 737 (Miss. 2006) (holding that a sheriffs department does not enjoy a separate legal existence apart from the county in which it operates and is therefore not subject to suit). Likewise, as guidance for this district, the Southern District of Mississippi has dismissed cases against police departments. *See Jackson v. City of Gulfport*, 2017 WL 651956, *2 (S.D. Miss. Feb. 16, 2017) ("[A] police department is not a separate legal entity that may be sued. Rather, it is an extension of the city."); *Stovall v. City of Hattiesburg*, 2010 WL 1908313, at *1-2 (S.D. Miss. May 17, 2010) (dismissing the Hattiesburg Police Department as a defendant because the City of Hattiesburg was the appropriate defendant). The Panola County Sheriff's Department therefore lacks the capacity to be sued. Thus, the Court finds that the claims against the Panola County Sheriff's Department are due to be dismissed on that basis alone.

3

Next, the Panola County Sheriff's Department argues that even if Mr. Taylor's complaint was properly filed against Panola County his allegations do not allege enough facts to state a plausible claim for relief under § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must (1) allege the deprivation of a right secured by the Constitution or federal law; and (2) demonstrate that the alleged violation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Municipalities may be sued under § 1983 but are only responsible for their own acts and cannot be held liable on a *respondeat superior* theory. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Instead, to state a plausible claim against Panola County under *Monell*, Mr. Taylor must allege that (1) a constitutional violation occurred; and (2) an official policy or custom was the "moving force" behind the violation. *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001).

### A. Constitutional Violation

Mr. Taylor alleges constitutional violations based on excessive use of force, wrongful arrest, denial of equal protection, and denial of medical care. The pleading does not allege that any Panola County Sheriff's Department deputy used force against Mr. Taylor or ever arrested him. The complaint attributes the arrests and use of force to Batesville Police officers and alleges only that those officers later placed Mr. Taylor in a sheriff's department vehicle for transport. [1] at 4.

Fifth Circuit precedent has established that placing an arrestee in a patrol vehicle after the arrest does not amount to an "arrest" or seizure under the Fourth Amendment. *See Coleman v. Gillespie*, 424 F. App'x 267, 270 (5th Cir. 2011); *see also Alexander v. Smith*, 561 F. App'x 421, 424 n.2 (5th Cir. 2014). The transfer of custody between law enforcement agencies does not, by itself, constitute a separate arrest or seizure giving rise to constitutional liability. Thus, the Court finds that Mr.

4

Taylor failed to allege plausible claims for excessive use of force or wrongful arrest against the Panola County Sheriff's Department.

The same deficiency applies to Mr. Taylor's equal protection and denial of medical care claims. The mere involvement of a sheriff's department vehicle in the October 12 incident does not plausibly allege that the Panola County Sheriff's Department treated Mr. Taylor less favorably than it would have treated similarly situated individuals or acted with discriminatory intent. *Ruvalcaba v. Angleton Indep. Sch. Dist.*, No. 20-40491, 2022 WL 340592, at *3 (5th Cir. Feb. 4, 2022). Nor does the complaint allege facts showing that any Panola County Sheriff's Department deputy or personnel knew of and deliberately denied Mr. Taylor access to medical care. To state a Fourteenth Amendment deliberate indifference claim, the plaintiff must show the jail official "(1) was aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, (2) that he actually drew the inference, and (3) disregarded that risk." *Reed v. Nacogdoches Cnty.*, No. 22-40126, 2023 WL 3563017, at *2 (5th Cir. May 19, 2023) (quoting *Baldwin v. Dorsey*, 964 F.3d 320, 326 (5th Cir. 2020) (quotations omitted). Here, Mr. Taylor's complaint contains no such allegations directed at the Panola County Sherriff's Department or any of its deputies.

### B. Official Policy or Custom

Municipal liability under § 1983 can be established if the deprivation of a constitutional right was due to an official custom or policy. *Piotrowski*, 237 F.3d at 579. The relevant policy or custom need not be pled in exhaustive detail, but there must be enough facts "to raise a reasonable expectation that discovery will reveal evidence" to support the claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). The complaint must go beyond boilerplate recitations of the elements and must contain factual allegations that provide fair notice of the claim's nature and the grounds upon which it rests. *Id.* at 555. Here, Mr. Taylor's complaint does not identify any Panola County

policy, custom, or practice related to the alleged violations or his injuries. The pleading relies on conclusory assertions that "Panola County maintained a custom, practice and/or policy of delaying and/or denying medical care to prisoners, detainees, who didn't appear to be experiencing any traumatically caused serious medical injury" and does not allege facts that would support municipal liability. [1] at 9. "Boilerplate allegations of municipal policy, entirely lacking in any factual support that municipal policy does exist, are insufficient." *See Morton v. City of Corinth, Miss.*, 2024 WL 3281181, at *10 (N.D. Miss. July 2, 2024) (quoting *Vess v. City of Dallas*, 2022 WL 625080, at *5 (N.D. Tex. Mar. 3, 2022)); *see also Westfall v. Luna*, 903 F.3d 534, 552 (5th Cir. 2018) (holding that for failure-to-train liability to attach, "a plaintiff must allege with specificity how a particular training program is defective."). Mr. Taylor has not alleged any facts that support the existence of an unlawful custom or practice or a failure-to-train. He has not identified any policy or custom of which a policymaker can be charged with actual or constructive knowledge, nor alleged that such policy or was the "moving force" behind the alleged violations. Therefore, the Court finds he failed to state a *Monell* claim against the Panola County Sheriff's Department.

## IV. CONCLUSION

ACCORDINGLY, the Court finds that the facts in this case do not support the claims against the Panola County Sheriff's Department. Additionally, Mississippi law does not recognize the sheriff's department as an entity capable of being sued. As such, the Panola County Sheriff's Department's Motion for Judgment on the Pleadings under Rule 12(c) [13] is GRANTED. Mr. Taylor's claims against the Panola County Sheriff's Department are DISMISSED WITHOUT PREJUDICE.

SO ORDERED this the 18th day of December, 2025.

    /s/Michael P. Mills
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI